UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x Case No.:25-CV-06847(MKV)

ERIC RABINOWITZ,

                  Plaintiff,

      -against-

ERIK EKSTEIN, and EKSTEIN DEVELOPMENT
LLC d/b/a EKSTEIN DEVELOPMENT GROUP,

             Defendants.

-----------------------------------------------------------------------x

**ANSWER WITH
COUNTERCLAIMS**

Defendants Erik Ekstein and Ekstein Development LLC d/b/a Ekstein Development Group (hereinafter collectively referred to as "Defendants") by their attorneys, Certilman Balin Adler & Hyman, LLP, as and for their answer to the complaint filed by plaintiff Eric Rabinowitz, (hereinafter referred to as "Plaintiff") dated August 19, 2025 (hereinafter the "Complaint") alleges as follows:

## AS TO "NATURE OF THE ACTION"

1.      Deny the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.      Deny the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Deny the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Deny the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Deny the truth of the allegations contained in paragraph 6 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

7.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.    Deny the truth of the allegations contained in paragraph 9 of the Complaint.

10.    Deny the truth of the allegations contained in paragraph 10 of the Complaint.

11.    Deny the truth of the allegations contained in paragraph 11 of the Complaint.

## AS TO "THE PARTIES"

12.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.    Admit the truth of the allegations contained in paragraph 13 of the Complaint.

14.    Admit the truth of the allegations contained in paragraph 14 of the Complaint.

15.    Deny the truth of the allegations contained in paragraph 15 of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

16.    Deny the truth of the allegations contained in paragraph 16 of the Complaint.

17.    Deny the truth of the allegations contained in paragraph 17 of the Complaint.

18.    Deny the truth of the allegations contained in paragraph 18 of the Complaint.

19.    Deny the truth of the allegations contained in paragraph 19 of the Complaint.

8701044.1

20. Deny the truth of the allegations contained in paragraph 20 of the Complaint.

21. Deny the truth of the allegations contained in paragraph 21 of the Complaint.

22. Deny the truth of the allegations contained in paragraph 22 of the Complaint.

23. Deny the truth of the allegations contained in paragraph 23 of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION
**(Promissory Estoppel for Commissions, 1389 Broadway and 1333 Broadway)**
**(Against Defendant Ekstein Development)**

24. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 23 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

25. Deny the truth of the allegations contained in paragraph 25 of the Complaint.

26. Deny the truth of the allegations contained in paragraph 26 of the Complaint.

27. Deny the truth of the allegations contained in paragraph 27 of the Complaint.

28. Deny the truth of the allegations contained in paragraph 28 of the Complaint.

29. Deny the truth of the allegations contained in paragraph 29 of the Complaint.

30. Deny the truth of the allegations contained in paragraph 30 of the Complaint.

31. Deny the truth of the allegations contained in paragraph 31 of the Complaint.

32. Deny the truth of the allegations contained in paragraph 32 of the Complaint.

33. Deny the truth of the allegations contained in paragraph 33 of the Complaint.

34. Deny the truth of the allegations contained in paragraph 34 of the Complaint.

35. Deny the truth of the allegations contained in paragraph 35 of the Complaint.

8701044.1

36. Deny the truth of the allegations contained in paragraph 36 of the Complaint.

37. Deny the truth of the allegations contained in paragraph 37 of the Complaint.

38. Deny the truth of the allegations contained in paragraph 38 of the Complaint.

39. Deny the truth of the allegations contained in paragraph 39 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION**
**(Unjust Enrichment for Salar/Commissions and Expenses)**
**(Against Defendant Ekstein Development)**

40. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 39 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

41. Deny the truth of the allegations contained in paragraph 41 of the Complaint.

42. Deny the truth of the allegations contained in paragraph 42 of the Complaint.

43. Deny the truth of the allegations contained in paragraph 43 of the Complaint.

44. Deny the truth of the allegations contained in paragraph 44 of the Complaint.

45. Deny the truth of the allegations contained in paragraph 45 of the Complaint.

**AS TO THE THIRD CAUSE OF ACTION**
**(Breach of Oral and Implied Employment Agreement for Salary/Commissions)**
**(Against Defendant Ekstein Development)**

46. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 45 of the Complaint as though set

4

8701044.1

forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

47.    Deny the truth of the allegations contained in paragraph 47 of the Complaint.

48.    Deny the truth of the allegations contained in paragraph 48 of the Complaint.

49.    Deny the truth of the allegations contained in paragraph 49 of the Complaint.

50.    Deny the truth of the allegations contained in paragraph 50 of the Complaint.

### AS TO THE SEVENTH CAUSE OF ACTION
**(Failure to Pay Wages, Commissions, and Bonuses – NYLL §§ 193 and 198)**
**(Against All Defendants)**

51.    Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 50 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

52.    Deny the truth of the allegations contained in paragraph 52 of the Complaint.

53.    Deny the truth of the allegations contained in paragraph 53 of the Complaint.

54.    Deny the truth of the allegations contained in paragraph 54 of the Complaint.

55.    Deny the truth of the allegations contained in paragraph 55 of the Complaint.

56.    Deny the truth of the allegations contained in paragraph 56 of the Complaint.

57.    Deny the truth of the allegations contained in paragraph 57 of the Complaint.

58.    Deny the truth of the allegations contained in paragraph 58 of the Complaint.

59.    Deny the truth of the allegations contained in paragraph 59 of the Complaint.

60.    Deny the truth of the allegations contained in paragraph 60 of the Complaint.

8701044.1

61.   Deny the truth of the allegations contained in paragraph 61 of the Complaint.

62.   Deny the truth of the allegations contained in paragraph 62 of the Complaint.

63.   Deny the truth of the allegations contained in paragraph 63 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

64.   Paragraphs "a" through "h" of the Complaint are a demand for judgment to which no response is required; however, to the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

## ADDITIONAL AVERMENTS

65.   Defendants deny all claims and allegations not unequivocally admitted herein.

*       *       *       *       *

66.   Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden, Defendants assert the following defenses as to Plaintiff's claims:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67.   The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68.   The claims are barred by Plaintiff's unclean hands and/or estoppel.

6

8701044.1

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69.    To the extent Plaintiff is entitled to any claimed compensation, such should be offset by the damages suffered by Defendants through Plaintiff's actions..

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70.    Plaintiff's claims are barred by his fraud.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71.    Defendant Erik Ekstein was not Plaintiff's employer.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72.    Plaintiff was not a licensed real estate salesperson or broker.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73.    Plaintiff's claims are barred by unjust enrichment.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74.    There was no agreement between Plaintiff and the Defendants in connection the claims brought by Plaintiff herein.

7

8701044.1

## COUNTERCLAIMS

1.    Plaintiff fraudulently took credit for and was paid compensation to which he was not entitled and to which other employees of other entities owned and/or operated by Defendant Erik Ekstein were entitled.

## AS AND FOR A FIRST COUNTERCLAIM

2.    Defendants repeat, reiterate and reallege each and every allegation contained in paragraph 1 of the Counterclaims as though set forth herein at length.

3.    Plaintiff defrauded Defendant Erik Ekstein by materially misrepresenting his entitlement to compensation and claiming and being paid compensation to which he was not entitled.

4.    Defendants reasonably relied upon Plaintiff's material misrepresentations to their detriment.

5.    Based on the foregoing, Defendant Erik Ekstein is entitled to damages in the amount of the overpayments from Plaintiff in an amount to be proven at trial but believed to exceed $350,000.

## AS AND FOR A SECOND COUNTERCLAIM

6.    Defendants repeat, reiterate and reallege each and every allegation contained in paragraph 1 of the Counterclaims as though set forth herein at length.

8

8701044.1

7.    During the course of his employment, Plaintiff acted in a disloyal manner to Defendants as a faithless servant by seeking and accepting compensation to which he was not entitled.

8.    Such conduct violated Plaintiff's obligation to act in the Defendants' best interest.

9.    Based on the foregoing, Defendant Erik Ekstein is entitled to recover such overpayments from Plaintiff as forfeiture of the compensation to which he was not entitled in an amount to be proven at trial but believed to exceed $350,000.

## AS AND FOR A THIRD COUNTERCLAIM

10.    Defendants repeat, reiterate and reallege each and every allegation contained in paragraph 1 of the Counterclaims as though set forth herein at length.

11.    Plaintiff converted the funds of Defendant Erik Ekstein by intentionally exercising control over and accepting compensation to which he was not entitled and depriving other employees of such compensation.

12.    Such actions interfered with Defendants' ability to use the funds.

13.    Based on the foregoing, Defendant Erik Ekstein is entitled to damages based on such overpayments from Plaintiff in an amount to be proven at trial but believed to exceed $350,000.

**WHEREFORE**, Defendants demand judgment dismissing the complaint and

(1)    On the First Counterclaim, in an amount to be proven at trial but believed to exceed $350,000;

9

8701044.1

(2)     On the Second Counterclaim, in an amount to be proven at trial but believed to exceed $350,000;

(3)     On the Third Counterclaim, in an amount to be proven at trial but believed to exceed $350,000; and

For the costs and disbursements in connection with this action and for such other and further relief as this Court deems just, proper and equitable.

Dated: East Meadow, NY
       November 7, 2025

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____
       Douglas E. Rowe, Esq.
*Attorneys for Defendants*
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
516-296-7000
drowe@certilmanbalin.com

TO:   LEVIN-EPSTEIN & ASSOCIATES, P.C.
      Joshua Levin-Epstein, Esq.
      *Attorney for Plaintiff*
      420 Lexington Avenue, Ste. 2458
      New York, NY 10170
      (212) 792-0046
      Joshua@levinepstein.com

8701044.1